IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] ROY SHANNON KEY, | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 18-cv-118-SPS |
| [1] UNITED STATES OF AMERICA ex rel. DEPARTMENT OF HEALTH AND HUMAN SERVICES, | )   Attorney Lien Claimed |
| [2] STIGLER HEALTH AND WELLNESS CENTER INC., and | ) |
| [3] DAVID WAYNE CAMPBELL, D.O., | ) |
|     Defendants. | ) |

**COMPLAINT**

COMES NOW Plaintiff, Roy Shannon Key (hereafter referred to as "Plaintiff"), and for his causes of action against Defendants, United States of America ex rel. Department of Health and Human Services, Stigler Health and Wellness Inc. (hereafter referred to as "Stigler") and David Wayne Campbell, D.O. (hereafter referred to as "Campbell"), alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    This is a medical negligence claim involving substandard care provided to Plaintiff by Defendants Campbell and Stigler, and its staff, employees, agents, apparent agents, and ostensible agents, all of whom provide health care under and/or operate as part of the agency of the United States Department of Health and Human Services.

2.    Plaintiff's claims are brought against the United States pursuant to 28 U.S.C. § 2671, *et seq.*, the Federal Torts Claims Act or "FTCA," seeking money damages for

injuries caused by the negligence and acts and omissions of the United States and Stigler, its staff, employees, agents, apparent agents, and ostensible agents acting within the scope of their employment when they provided substandard care.

3. Exclusive jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(B)(1).

4. Venue is proper in this District under 28 U.S.C. § 1402(B) in that Plaintiff resides in Muskogee County and the acts and omissions giving rise to this claim occurred within Haskell County, both of which are within this District.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law negligence claim against Defendant Campbell (which is pled alternatively to the extent that the United States is not ultimately liable for such individuals as its agents, ostensible agents, apparent agents, or employees), because all of Plaintiff's claims, facts, and series of events form a part of the same claim or controversy and involve joint tortfeasors and are properly pursued together in one judicial proceeding in the State Court if not for this Court's exclusive jurisdiction over Plaintiff's FTCA claim against the United States and Stigler.

6. In compliance with the FTCA, 28 U.S.C. § 2675, Plaintiff timely presented written Notice of his claim to the United States on October 9, 2017, seeking money damages for injuries and damages caused by the United States and Stigler.

7. The United States, more particularly, the Department of Health and Human Services, received Plaintiff's FTCA Notice on October 16, 2017, and acknowledged receipt on October 18, 2017 with a request for additional information. Plaintiff responded accordingly on October 25, 2017.

8. The United States has had more than six (6) months to respond or otherwise take

action on Plaintiff's claims. As of the filing of this Complaint, no response or action has been taken or communicated to Plaintiff. The failure of the United States to resolve Plaintiff's claims within six (6) months shall, at the Claimant's option, be deemed a denial of Plaintiff's claims. 28 U.S.C. § 2675.

9. Plaintiff has fully exhausted his administrative remedies and timely initiated this Complaint pursuant to FTCA, 28 U.S.C.§ 2675.

10. Defendant Stigler is a Health Center Program grantee under 42 U.S.C. § 254(b) and is deemed a Public Health Service employee under 42 U.S.C. § 233(g)-(n), such that Defendant, Stigler, is covered by the FTCA pursuant to 42 U.S.C. part 6.

11. Defendant Campbell provided medical care and treatment to Plaintiff at the facility of Defendant, Stigler. Upon information and belief, and at the relevant time, Defendant Campbell was working within the scope of his federal employment at the facility of Defendant Stigler.

## OPERATIVE FACTS

12. Plaintiff hereby incorporates paragraphs 1 through 13 as though fully set forth herein.

13. On or about August 11, 2016, Plaintiff began medical treatment with Defendant Campbell at the facility of Defendant Stigler, at which time he was diagnosed with an upper groin abscess.

14. Defendants' treatment for Plaintiff's absess fell below the national standards of care, resulting in a scrotal abscess.

15. As a direct result of Defendants' negligence and inadequate treatment, Mr. Key was life-flighted to Hillcrest Medical Center in Tulsa, Oklahoma, where he immediately

3

underwent surgery for the scrotal absess. Furthermore, Plaintiff has suffered and continues to suffer injuries, substantial medical bills, and damages.

## FIRST CLAIM FOR RELIEF
### Federal Tort Claims Act against All Defendants
### 28 U.S.C. § 2671 *et seq.*

16.  Plaintiff hereby incorporates paragraphs 1 through 17 as though fully set forth herein.

17.  Plaintiff's injuries and damages occurred as a direct and proximate result of the negligence of Defendants' treatment which, when viewed in totality and compared with reasonably accepted standards, must be characterized as unacceptably deficient. Defendants' acts and omissions include, but are not limited to, various failures to properly treat an absess.

18.  The United States and Stigler, pursuant to 28 U.S.C. § 2671, *et seq.*, are liable for the negligent acts and omissions of employees and agents when operating within the scope of their federal employment at the time of the facts and circumstances which form the basis of this Complaint. These acts and imissions include, but are not limited to those of Defendant Campbell who provided care and treatment for Plaintiff.

19.  As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injury, and mental and physical pain and suffering. Plaintiff is entitled to recover damages in the form of medical expenses, pecuniary loss, and mental and physical pain and suffering, all in excess of seventy-five thousand dollars ($75,000.00).

## SECOND CLAIM FOR RELIEF
### State Law Negligence against Defendant Campbell

20. Plaintiff hereby incorporates paragraphs 1 through 21 as though fully set forth herein.

21. Plaintiff's injuries occurred as a direct and proximate result of the negligence of Defendant Campbell's treatment which, when viewed in totality and compared with reasonably accepted standards, must be characterized as unacceptably deficient. Defendant Campbell's acts and omissions include, but are not limited to, various failures to properly treat an absess.

22. As a direct and proximate result of Defendant Campbell's negligence and breaches of the standard of care, Plaintiff suffered bodily injury, and mental and physical pain and suffering. Plaintiff is entitled to recover damages in the form of medical expenses, pecuniary loss, and mental and physical pain and suffering, all in excess of seventy-five thousand dollars ($75,000.00).

23. The conduct of Defendant Campbell was wanton and in reckless disregard to the rights of Plaintiff, such that Plaintiff is entitled to punitive or exemplary damages in excess of seventy-five thousand dollars ($75,000.00).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, Roy Shannon Key, seeks judgment against the United States and Stigler pursuant to 28 U.S.C. §2671, *et seq.*, the Federal Torts Claims Act, for the acts and omissions that caused his injuries and suffering in an amount in excess of seventy-five thousand dollars ($75,000.00). Plaintiff further seeks judgment against Defendant Campbell for an award of compensatory and exemplary or punitive damages in an amount in excess of seventy-five thousand dollars ($75,000.00). Finally, Plaintiff

5

requests this Court to award Plaintiff his taxable costs, and all other further relief that this Court deems just and proper.

                Respectfully submitted,

                RICHARDSON RICHARDSON BOUDREAUX

Paul T. Boudreaux, OBA #990
Lia R. Rottman, OBA #33079
7447 S. Lewis Avenue
Tulsa, Oklahoma 74136
Telephone: (918) 492-7674
Facsimile: (918) 493-1925
ptb@rrbok.com
lrr@rrbok.com
*Attorneys for Plaintiff*